IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BOOST WORLDWIDE, INC., | : |
| | :    Civil Action |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| | : |
| COIN LAUNDRY, C&D COIN LAUNDRY | : |
| d/b/a HE WIRELESS, | : |
| | : |
| Defendant. | : |

## COMPLAINT

Plaintiff Boost Worldwide, Inc., a wholly-owned subsidiary of Sprint Nextel Corp. ("Boost" or "plaintiff"), by and through its undersigned attorneys, as and for its complaint against defendant Coin Laundry, C&D Coin Laundry d/b/a HE Wireless ("HE" or "defendant"), alleges as follows:

## NATURE OF THE CASE

1.      This action arises from defendant's infringing and unauthorized use of plaintiff's popular trademarks, in direct violation of plaintiff's valuable intellectual property rights. Specifically, defendant has been using plaintiff's trademarks in signs, displays and other advertising without plaintiff's authorization or consent. Defendant's improper conduct is likely to cause confusion or mistake, or to deceive the public into believing that defendant's goods and services originate with, are sponsored by, or are offered under Boost's supervision and control. Defendant's unlawful actions are causing, and are likely to continue to cause, irreparable harm to plaintiff, including to the substantial goodwill and reputation earned by plaintiff.

2. Plaintiff repeatedly has requested that defendant cease its infringing use of plaintiff's valuable trademarks. Defendant refuses to do so, thereby leaving plaintiff no choice but to seek the Court's assistance. Accordingly, by this action, plaintiff seeks (i) a permanent injunction restraining defendant from using plaintiff's trademarks in an unauthorized manner, including by removing or taking down all unauthorized signage and displays containing plaintiff's trademarks at defendant's store; and (ii) damages, including reasonable attorneys' fees and treble and/or punitive damages, for defendant's wrongful conduct.

## PARTIES

3. Plaintiff Boost is a Delaware corporation with its principal place of business at 6200 Sprint Parkway, Overland Park, KS 66251. Boost is a wholly-owned subsidiary of Sprint Nextel Corp.

4. Upon information and belief, defendant HE is a Georgia sole proprietorship located at 785 Sandtown Road SW, Marietta, Georgia, 30008.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (trademark and unfair competition), in that plaintiff is alleging claims under, inter alia, the Lanham Act, 15 U.S.C. §§ 1114 and 1125. The Court has jurisdiction over plaintiff's common law claims pursuant to 28 U.S.C § 1367 (supplemental jurisdiction).

6. Venue is proper herein pursuant to 28 U.S.C. § 1391(a)(1), in that defendant resides in this district.

7. Venue also is proper herein pursuant to 28 U.S.C. § 1391(a)(2), in that a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this district.

## FACTS

**A.    Boost and Its Valuable Trademarks.**

8.      Boost is a leading provider of prepaid wireless services.  Originally launched in Australia in 2000, Boost has been at the front of the no-annual contract wireless industry in the United States since 2002.  In 2007, Boost became one of the first providers to launch an unlimited, flat-rate no-annual contract wireless service on a dependable nationwide network.  Now wholly owned by Sprint, Boost's services run on both Sprint's and Nextel's extensive networks.

9.      Boost is one of the most popular no-annual contract wireless brands in the United States.  It focuses on providing its customers with higher value and better quality services than other wireless prepaid providers.  For the year ending December 31, 2010, Boost's total revenues in the United States exceeded $3 billion.  As of December 31, 2010, Boost offers its wireless services in all fifty states, and Boost had approximately million customers nationwide.

10.     On October 12, 2001, Boost filed U.S. Trademark Application Serial No. 76977053 for the Boost Mobile mark.  On May 17, 2005, the United States Patent and Trademark Office (the "USPTO") issued registration No. 2,952,818 (the "'818 Mark") to Boost for the Boost Mobile mark for use in, <u>inter</u> <u>alia</u>, telecommunications and communications equipment, telephone cards for making telephone calls, and telecommunications and entertainment services.  Annexed hereto as Exhibit A is a true and correct copy of the certificate of registration for the '818 Mark.

11.     On October 12, 2001, Boost filed U.S. Trademark Application Serial No. 76-978305 for the Boost Mobile logo.  On October 24, 2006, the USPTO issued registration No. 3,163,288 (the "'288 Mark") to Boost for the Boost Mobile logo for use in connection with telephone cards for making telephone calls and telecommunications services. Annexed hereto as Exhibit B is a true and correct copy of the certificate of registration for the '288 Mark.

12.     On July 3, 2002, Boost filed U.S. Trademark Application Serial No. 76-429848 for the Boost mark.  On June 19, 2007, the USPTO issued registration No. 3,254,019 (the "'019 Mark") to

Boost for the Boost mark for use in connection with, <u>inter alia</u>, telecommunications and communications equipment, telephone cards for making telephone calls, and telecommunications and education services. Annexed hereto as Exhibit C is a true and correct copy of the certificate of registration for the '019 Mark.

13.     On October 10, 2002, Boost filed U.S. Trademark Application Serial No. 76-977014 for the Re-Boost mark.  On March 29, 2005, the USPTO issued registration No. 2,936,743 (the "'743 Mark") to Boost for the Re-Boost mark for use in connection with smart cards for mobile telephones, Internet access and telephone calling cards.  Annexed hereto as Exhibit D is a true and correct copy of the certificate of registration for the '743 Mark.  The '818, '288, '019 and '743 Marks hereafter collectively are referred to as the "Boost Marks" or the "Marks."

14.     Boost has been using the Boost Marks in commerce and in connection with offering and selling its wireless telecommunication goods and services continuously since at least as early as 2002.

15.     Since their first use, Boost's Marks for wireless telecommunications products and services have become an enormously popular and widely recognized brand.

16.     Since 2002, Boost continuously and extensively has promoted, offered and sold wireless telecommunications products and services in interstate commerce under, and in connection with, the Boost Marks, and Boost's products and series are widely available in retail stores and on-line.

17.     During its years of continuously using the Boost Marks in interstate commerce, Boost has spent millions of dollars annually advertising and promoting its goods and services in a variety of media, including television, radio, print media, billboards, trade shows and the internet.  Boost's services and products have received widespread media attention.

18.     As a result of Boost's continuous, extensive and exclusive use of the Marks, the Boost Marks are widely recognized and/or distinctive throughout the United States, including in Texas.  The consuming public, in this state and throughout the United States, recognizes the Boost Marks to identify Boost's goods and services, and associates the Marks with Boost exclusively.  Boost has established substantial goodwill and reputation with respect to its goods and services due to the consistent quality of those goods and services marketed under and in association with the Boost Marks.

**B.    Defendant Refuses to Cease Its Infringing Activities and Other Wrongful Conduct.**

19.     Boost offers, makes and sells its telecommunications goods and services in large retail chains such as Walmart, Target, Best Buy and RadioShack as well as in small, authorized retail outlets disseminated strategically and geographically throughout the country.

20.     Defendant is not an authorized direct or indirect Boost dealer.  Boost has not consented, and does not consent, to defendant's use of the Boost Marks, and Boost has not authorized defendant to use the Marks in connection with the sale and/or advertising of wireless communications goods and services.

21.     Boost has discovered that defendant is, and has been, improperly using the Boost Marks.  Among other things, defendant prominently is displaying the Boost Marks on signs, displays and other advertising at, and in connection with, its Marietta store.

22.     Boost confirmed defendant's improper use of the Boost Marks with the following photographs of defendant's storefront:



23. Upon information and belief, defendant is using the Boost Marks improperly to confuse or to deceive the public into believing that defendant's goods and services originate with, or are sponsored by and/or offered with the approval of Boost, or are offered under Boost's supervision and control.

24. Prior to commencing this action, Boost repeatedly requested that defendant cease its unauthorized of the Boost Marks, in direct violation of Boost's intellectual property rights.  First, Boost sales employees visited defendant's store and asked defendant to stop its improper activity.  Defendant refused and, instead, demanded that Boost's employees leave the store.

25. Boost then advised defendant in writing of Boost's trademark rights and its infringement thereof, and demanded that defendant cease its unauthorized conduct.  Defendant ignored Boost's request.

26. Most recently, by letter dated November 16, 2012, Boost's outside counsel demanded that defendant cease its unauthorized use of the Boost Marks, remove the infringing signage and displays, cease using the Marks in advertising and otherwise permanently desist from violating

6

Boost's valuable intellectual property rights. Defendant continued to refuse to stop its wrongful conduct, thereby leaving Boost no choice but to file this action.

## COUNT ONE
### (Trademark Infringement – 15 U.S.C. § 1125(a))

27.     Plaintiff repeats the foregoing allegations as if fully set forth herein.

28.     Defendant's unauthorized advertising, offer for sale and promotion of its goods and services using the Boost Marks is likely to cause confusion, or to cause mistake, or to deceive the public into believing that defendant's goods and services originate with, or are sponsored by Boost, are offered with the approval of Boost, or are offered under Boost's supervision and control.  As a result, consumers may mistakenly believe that defendant's goods and services are sponsored by, affiliated with, associated with, or otherwise connected with Boost.

29.     Upon information and belief, defendant has willfully and deliberately made a false designation of origin and false representation in commerce by advertising, offering for sale and promoting their goods and services using the Boost Marks.

30.     Defendant's conduct is calculated to deceive the relevant consuming public into accepting and purchasing defendant's goods and services in the mistaken belief that they are Boost's goods and services or that they are sponsored by, connected with or supplied under the supervision.

31.     Upon information and belief, defendant has knowingly mislead and confused the public by advertising, offering for sale and promoting its wireless telecommunications goods and services using the identical Boost Marks used by Boost in connection with its wireless communications goods and services.

32.     Upon information and belief, defendant's conduct was committed, and is being committed, with the deliberate purpose and intent of appropriating and trading upon Boost's good will and reputation.

33. Defendant's conduct is likely to deceive and cause confusion of the public and constitutes a false designation of origin and false representation in commerce in violation of 15 U.S.C. § 1125(a)(1). As a direct result of defendant's conduct, Boost has suffered damages and defendants have profited at Boost's expense.

34. Defendant's conduct constitutes infringement of the Boost Mark under the Lanham Act § 43(a), 15 U.S.C. § 1125(a).

35. Accordingly, Boost is entitled to the remedies provided by, inter alia, 15 U.S.C. §§ 1116, 1117 and 1118.

## COUNT TWO
### (Trademark Infringement – 15 U.S.C. § 1114))

36. Plaintiff repeats the foregoing allegations as if fully set forth herein.

37. Boost is the owner of the Boost Marks, all of which have been registered federally.

38. Defendant's conduct is likely to deceive and to cause mistake or confusion of the public and constitutes infringement of the federally registered Boost Marks under 15 U.S.C § 1114.

39. As a result of defendant's conduct, Boost has suffered damages and defendants have acquired profits at Boost's expense.

40. Defendant's conduct has caused Boost irreparable harm. Unless enjoined permanently, defendant's conduct will continue to cause irreparable harm or which Boost lacks an adequate remedy at law.

41. Upon information and belief, defendant's conduct has been, and continues to be committed deliberately and with willful intent to reap the benefits of good will associated the Boost Marks.

42. As a result of defendant's conduct Boost is entitled to the remedies provided by, inter alia, 15 U.S.C. § § 1116, 1117 and 1118.

## COUNT THREE
### (False Advertising – 15 U.S.C. § 1125)

43.     Plaintiff repeats the foregoing allegations as if fully set forth herein.

44.     Defendant's prominent of the Boosts Mark in connection with its store expressly represents to consumers that defendant's store offers for sale Boosts goods and services.

45.     The foregoing representation is a false and/or misleading statement of fact about defendant's store, which is not authorized to sell Boost goods and services.

46.     Defendant made the foregoing false and/or misleading representations in connection with commercial activities that affect intrastate commerce.

47.     Defendant's representation either has deceived or has the capacity to deceive a substantial segment of potential consumers.

48.     Defendant's false and/or misleading statements of fact about their offering of Boost products and services are likely to influence consumer purchasing decisions.

49.     Boost has been and is likely to continue to be injured as a result of defendant's false representations.

50.     Defendant's conduct constitutes false advertising in violation of § 43 (a)(1)(E) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

51.     Defendant's unlawful conduct has caused great and in irreparable injury to Boost and will continue to irrepealably harm Boost unless enjoined.  Upon information and belief, defendants have profited from their unlawful conduct and have been unjustly enriched to the detriment of Boost. Defendant's unlawful conduct has caused Boost to suffer monetary damages in the amount to be determined by the trier of fact.

## COUNT FOUR
### (Common Law Unfair Competition)

52.     Plaintiff repeats the foregoing allegations as if fully set forth herein.

53. Defendant's conduct unlawfully permits defendants to use and to benefit from the good will and the reputation earned by Boost to obtain a ready customer acceptance of defendant's goods and services and constitutes common law unfair competition, and misappropriation in violation of this state's common law.  Accordingly, Boost is entitled to recover damages for defendant's wrongful conduct and to receive any and all other remedies provided by this state's common law.

## COUNT FIVE
### (Common Law Unjust Enrichment)

54. Plaintiff repeats the foregoing allegations as if fully set forth herein.

55. Defendant has unjustly retained a benefit to Boost's detriment and continues to do so, causing damages to Boost.  Defendant's retention of this benefit violates the fundamental principles of justice, equity, and good conscience and Boost therefore is entitled to just compensation under the common law of this state.

WHEREFORE, plaintiff demands judgment in favor of plaintiff and against defendant as follows:

A. Permanently enjoining defendant from the unauthorized use of the Boost Marks, including without limitation by requiring defendant to remove any and all existing signage and destroy all advertising, displays, literature and other materials bearing the Boost Marks in a way that would violate the injunction entered herein;

B. Pursuant to 15 U.S.C. § 1116, requiring defendant to file with the Court, and serve on plaintiff, a written report under oath detailing the manner in which defendant has complied with the injunction entered by the Court;

C. Awarding plaintiff actual, compensatory and consequential damages in an amount to be determined by the trier of fact;

      D.      Awarding plaintiff the profits derived by defendant as a result of its infringing activities;

      E.      Pursuant to 15 U.S.C. § 1117, or as otherwise allowed for by law, awarding plaintiff treble and/or punitive damages;

      F.      Awarding plaintiff its reasonable attorneys' fees;

      G.      Awarding plaintiff pre- and post-judgment interest, as allowed for by law; and

      H.      Such other and further relief as the Court deems just and proper.

This 15th day of February, 2012.

                              WIGGINS LAW GROUP

                              By: /s/ Cary S. Wiggins
                              Cary S. Wiggins
                              Ga. Bar No. 757657

Suite 401
260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(404) 659-2880
www.wigginslawgroup.com
cary@wigginslawgroup.com